# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00390-FDW

| | |
|---|---|
| MOTEL 6 OPERATING, L.P., | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     ORDER<br>) |
| GASTON COUNTY, NORTH CAROLINA et al., | )<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court following the Court's oral Order on the parties' Motions for Reconsideration. (See Hr'g Tr., Doc. No. 101.) The Court orally ruled on all the issues save one, which it took under advisement: do the Gaston County Board of Health and the Gaston County Health Department, both political subdivisions of Gaston County, have the capacity to be sued? The Court now holds that they do not and, as such, must be dismissed from this case.

"[T]he capacity of an entity charted by a state is determined by the organizing state's law. . . . Political subdivisions of a state or local government have capacity only if the law creating them recognizes them as separate legal entities having capacity to sue or be sued." 4 James Wm. Moore et al., Moores Federal Practice ¶ 17.26 (3d ed. Lexis 2009); see also 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1562 (2d ed. West 2009) ("[A] governmental corporation . . . is a separate entity and its capacity to sue and be sued is determined in the same way as is the capacity of a private corporation under Rule 17(b)—by the law under which it was organized."). The North Carolina Supreme Court has long recognized this principle: "The

general rule is that County boards of health, and other administrative agencies, being creatures of statute, have only such powers as are conferred upon them by statute, either expressly or by necessary implication." Champion v. Vance County Board of Health, 19 S.E.2d 239, 242 (N.C. 1942).

No where in the enabling statutes of North Carolina's local boards of health or health departments does one find the capacity to sue or be sued. See N.C. Gen. Stat. Ann. §§ 130A-34, 35, 39 (West 2009). The United States Court of Appeals for the Fourth Circuit recognized this lack of capacity when it stated, "Neither the [Burke County] Board of Health nor the Board of Social Services is a legal entity separate and apart from the county. Both boards are created by, and are extensions of, the county." Avery v. Burke County, 660 F.2d 111, 113-14 (4th Cir. 1981). This Court has applied Avery's principle to the North Carolina court system, holding that an action against that entity "cannot be maintained." Wiley v. North Carolina, No. 1:06-cv-38, 2006 WL 456491, at *1 (W.D.N.C. Feb. 24, 2006); cf. Hargett v. Forsyth County Sheriff's Office, No. 1:03-cv-440, 2005 WL 4542859, at *2 (M.D.N.C. Sep. 29, 2005) ("[T]he 'Sheriff's Office' is not a legal entity subject to suit under the law of North Carolina.").

That North Carolina boards of health are not subject to suit does not mean their officers may act with impunity. On the contrary, their actions may subject local municipalities to liability if, taking Plaintiff's allegations as an example, they act in an unconstitutional manner. The issue before the Court, however, is not liability, but capacity. The simple fact is that the enabling statutes of the Gaston County Board of Health and Health Department do not provide them with the capacity to be sued. Thus, Plaintiff must look to Gaston County, not its subdivisions, for liability. See Avery, 660 F.2d at 114 ("[I]f [plaintiff] is entitled to recover damages under § 1983 because of the boards'

conduct, the county would be liable.").

For the reasons stated above, the Court holds that the Gaston County Board of Health and the Gaston County Health Department lack the capacity to sue or be sued. They are, therefore, DISMISSED from this case.

IT IS SO ORDERED.　　　　　　　　　　Signed: July 2, 2009

Frank D. Whitney
United States District Judge